[McDaniel v. The State.]

# McDaniel v. The State.

## Indictment for Larceny.

1. *Sentence to hard labor for non-payment of costs in criminal case;
duty of court.*—Under section 4061, R. C., when the fine and costs on con-
viction are not presently paid, and additional hard labor is imposed to cover
costs, &c., it is the duty of the court trying the case to specify in the sen-
tence the price *per diem* to be allowed for such labor; and a refusal to do so,
upon the defendant's application, is a reversible error. In such a case, the
defendant will be held subject to payment of costs, precisely as if he had
not been sentenced to hard labor.

APPEAL from Circuit Court of Butler.
Tried before Hon. JOHN K. HENRY.
The opinion states the facts.

W. H. DUKE, for appellant.

JOHN W. A. SANFORD, Att'y Gen., *contra.*

MANNING, J.—Appellant pleaded guilty to an indict-
ment for larceny in the court below, and a jury assessed the
fine against him at fifty dollars. The fine and costs not be-
ing paid, and no security being given therefor according to
the statute, the court sentenced appellant to hard labor for
the county for a specified term, as a part of the penalty for
the offense, and also for " such additional time as may be
necessary, at a rate to be fixed by the commissioners' court
of Butler county, not exceeding forty cents per day, to pay
the costs and officers' fees." The defendant moved the court
to fix the rate at forty cents per day; which the court refused,
and defendant excepted. The defendant then moved the
court to fix the rate per day itself, at a sum not exceeding
forty cents per day ; which the court refused to do, and de-
fendant excepted.

Section 4061 of the Revised Code, which enacts that, "if
the costs are not presently paid," in a case in which the de-
fendant is sentenced to perform hard labor for the county,
"then the court may impose additional hard labor for the
county, for a term sufficient to cover all costs and officers'
fees, allowing not exceeding forty cents *per diem* for the ad-
ditional labor imposed,"—makes it the duty of the court in
which the trial was had to determine the price *per diem* to
be allowed for such labor. The determination of this im-
portant particular of the sentence is not left to the commis-

[Henback *v.* The State.]

sioners' court of the county, but is devolved on the tribunal in which the trial is had. This court, therefore, reverses and vacates so much of the judgment of the court below as sentences appellant to hard labor for the county, "for such additional time as may be necessary, at a rate to be fixed by the commissioners' court of Butler county, not exceeding forty cents per day, to pay the costs and officers' fees." Defendant below will be subject to the payment of costs, precisely as if there had been no sentence of hard labor against him on account thereof.